UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KATERYNA LYSYUCHENKO,

Defendant,

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF
JUDICIAL REMOVAL

S1 21 Cr. 092 (JPO)

    Upon the application of the United States of America, by David R. Felton, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of KATERYNA LYSYUCHENKO, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

    1.    The defendant is not a citizen or national of the United States.

    2.    The defendant is a native and citizen of Ukraine.

    3.    The defendant is a Legal Resident of Italy.

    4.    The defendant was paroled into the United States at New York, New York on July 19, 2023.

    5.    The defendant was granted a Significant Public Benefit Parole valid for two days, for the purpose of criminal prosecution.

    6.    At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, for: Conspiracy to Commit Immigration Fraud, in violation of Title 18, United States Code, Section Sections 371 and

1546(a),

7. The total maximum sentence of incarceration for Count One is a term of imprisonment of five years. The total maximum term of supervised release on Count One is three years.

8. The defendant is inadmissible and subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

9. The defendant has waived her right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

10. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

11. The defendant has designated Ukraine, or in the alternative Italy, as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon her release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon her sentencing, and that the defendant be ordered removed to Ukraine, or in the alternative Italy.

Dated: New York, New York
Sept 6, 2023

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

KATERYNA LYSYUCHENKO,

Defendant,

------------------------------X

NOTICE OF INTENT TO
REQUEST JUDICIAL
REMOVAL

S1 21 Cr. 092 (JPO)

NOTICE IS HEREBY GIVEN TO KATERYNA LYSYUCHENKO, and to her attorney of record, Eric R. Breslin, Esq. that upon conviction of the defendant for a violation of Title 18, United States Code, Section 371 & 1546(a) [handwritten, replacing stricken §1029(b)(2)], the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York
August 30, 2023

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____
David R. Felton
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL <u>REMOVAL</u> |
| - against - | |
| KATERYNA LYSYUCHENKO, | S1 21 Cr. 092 (JPO) |
| Defendant, | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE IS HEREBY GIVEN TO KATERYNA LYSYUCHENKO, and to her attorney of record, Eric R. Breslin, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Ukraine.

3. The defendant is a Legal Resident of Italy.

4. The defendant was paroled into the United States at New York, New York on July 19, 2023.

5. The defendant was granted a Significant Public Benefit Parole valid for two days, for the purpose of criminal prosecution.

6. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, for: Conspiracy to Commit Immigration Fraud, in violation of Title 18, United States Code, Section Sections 371 and 1546(a),

7. The total maximum sentence of incarceration for Count One is a term of imprisonment of five years. The total maximum term of supervised release on Count One is three

years.

8.      The defendant is inadmissible and subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Ukraine, or in the alternative Italy, promptly upon her satisfaction of any sentence of imprisonment, or, if the defendant is not sentenced to a term of imprisonment, promptly upon her sentencing.

Dated:   New York, New York
         August 30, 2023

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                                By:     _____
                                        David R. Felton
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | |
| KATERYNA LYSYUCHENKO, | S1 21 Cr. 092 (JPO) |
| Defendant, | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KATERYNA LYSYUCHENKO, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is KATERYNA LYSYUCHENKO.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated August 30, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated August 30, 2023. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Eric R. Breslin, Esq. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all

rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.  I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.  I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

7.  I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available

under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in and have no present fear of persecution in Ukraine the country of my nativity and citizenship, or Italy the country of my legal permanent residence. I further acknowledge that I have not been tortured in and have no present fear of torture in Ukraine the country of my nativity and citizenship, or Italy the country of my legal permanent residence.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

**9/6/2023**
Date

*E. Mucury*
Defendant's Signature

9/6/23
Date

CCW
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against - | |
| KATERYNA LYSYUCHENKO, | S1 21 Cr. 092 (JPO) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:  New York, New York
        8/30 , 2023

_____
William Joyce
Acting Field Office Director
United States Immigration and
Customs Enforcement
Enforcement and Removal Operations